# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RICHARD ENRIQUE ULLOA, | : |
| Petitioner, | : |
| v. | : Civil Action No. 10-1381 (RWR) |
| PAUL PASTOR, | : |
| Respondent. | : |

## MEMORANDUM OPINION

This matter is before the Court on initial consideration of petitioner's *pro se* Petition for Emergency Writ of Habeas Corpus. The petition will be denied.

Petitioner alleges that, "[o]n or about July 26, 2010, Luis-Anthony for the Family Ewing's liberties commenced to be restrained and is on going to this day[] by RESPONDENT, who is or represents a 'CORPORATION for Profit", holding a natural man . . . against His will, over His objection, and without His consent[.]" Pet. ¶ 2 (capitalization in original). Petitioner demands the prisoner's immediate release from custody. *See id.* at 4.

"Three inter-related judicial doctrines – standing, mootness, and ripeness, ensure that federal courts assert jurisdiction only over 'Cases' and 'Controversies.'" *Worth v. Jackson*, 451 F.3d 854, 855 (D.C. Cir. 2006). A party has standing if his claims "spring from an 'injury in fact' – an invasion of a legally protected interest that is 'concrete and particularized,' 'actual or imminent' and 'fairly traceable' to the challenged act of the defendant, and likely to be redressed by a favorable decision in the federal court." *Navegar, Inc. v. United States*, 103 F.3d 994, 998 (D.C. Cir. 1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992)). "[T]he injury

alleged cannot be conjectural or hypothetical, remote, speculative, or abstract." *Nat'l Treasury Employees Union v. United States*, 101 F.3d 1423, 1427 (D.C. Cir. 1996) (internal citations and quotation marks omitted).  Here, petitioner articulates no legally protected interest of his own; rather, he purports to bring this action on another person's behalf.  Although he may represent himself as a *pro se* litigant, petitioner is a lay person who is not qualified tor represent another person in this Court.  *See* 28 U.S.C. § 1654; *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984).  Standing may be denied where, as here, this *pro se* litigant seeks to assert the rights of a third party.  *See Navegar, Inc.*, 103 F.3d at 998.

Even if petitioner had standing to bring this action, this Court cannot entertain a challenge to the legality of the prisoner's custody.  Habeas actions are subject to jurisdictional and statutory limitations.  *See Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484 (1973).  The proper respondent in a habeas corpus action is the warden.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), who is identified as Paul Pastor, Sheriff of Pierce County, Washington.  "[A] district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction." *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir.  2004).

An Order accompanies this Memorandum Opinion.

Signed this 31st day of August, 2010.

                                                          /s/
                                        RICHARD W. ROBERTS
                                        United States District Judge